you may have wondered also who was in the audience. Now, yes, I did. Give me the sheet showing the names of the council. She. And as as council knows, judge oldest is in California, but participating by video presentation. Your Honor, this case, tell us who you are. My name is Stephen Latimer of the law firm of Laughlin and Latimer, and I represent Wally Palmer, the appellant in this case, and the defendant in the state courts. Do you want rebuttal? Yes, I want two minutes rebuttal, Your Honor. Granted. This case presents or requires an exploration of the relationship between 2250 2254 D2. There was an unreasonable determination of the facts by the as so far as it concerns an evidentiary hearing. Can we get to the facts without deciding whether there should have been an evidentiary hearing that we have to decide that first? Well, what you have to decide is I understand 2254 E2 in the cases around it. First, 2250 E2. No, yeah, go ahead. Is whether in the courts below Mr. Palmer failed to develop the facts that would entitle him to a hearing. That's what the state argues. The state argues that he failed to develop. We argue that he did everything that he exercised the due diligence required so that an evidentiary hearing is at the court's discretion, and it's not I will concede that an evidentiary hearing is not mandatory in this case. It's at the discretion of the district judge. What would he have said or does he have to present at this stage what he would have said at the evidentiary hearing had there been one? Before this court? Well, before the federal court. Should he have done, should he have been required to do that as part of his petition for rid of habeas corpus? I don't believe so, Your Honor, and I don't believe he was, even though it would have been better. I don't. Why not, sir? Why not, sir? Why not? Because I believe that he made out a case that he was in fact denied this fundamental right by his attorney. Now, the record, the way I read it, and I may be wrong, is a black hole on that. We really don't know what was said. All right, first let me stop you right there that he was denied by the attorney of the right. That's not the issue that's been certified in the certificate of appeal. That's a different issue completely. The issue, the issue is whether his counsel was ineffective, constitutionally ineffective, and if, if. Why is there a hesitant on your part to indicate what his defense would have been? Because there is nothing in the record, per se, that indicates what the defense would have been. Excuse me, I thought, I thought the record showed, even if not specifically, that he would have claimed self-defense. He would have claimed self-defense. This is from the closing argument of his counsel. He would have claimed self-defense. He would have claimed recklessness. He was trying to protect himself. He might have been trying to claim defense of others. Now, all of these defenses require an exploration of Mr. Palmer's state of mind at the time of the, of the brawl and the shooting. Go back to Judge Alderson's question. Why can you, why did he not state what prejudice affected his deficiency, or counsel's deficiency, or what, what he would have said had he been given the opportunity to explain or to testify? I do not know the reasons that he did not. Isn't that fatal to his case? No, I believe that's the kind of information or the kind of evidence that should be developed at an evidentiary hearing. But that's the Strickland standard. In order to get a hearing, doesn't he have to satisfy both prongs of Strickland? Well, I think in this case, the standard for prejudice is harmless beyond a reasonable doubt. It's not harmless error. We're talking about a fundamental right. This is not a matter of trial error. It's not a Brady violation or those things. He has an absolute right to testify in his behalf or not. And the prejudice goes beyond, prejudice of being denied that right is, is beyond harmless error. The prejudice flows itself because we, we would never know and we can't know how a jury would view his testimony unless a jury actually hears his testimony. Well, but the state court had no basis to know what his testimony would have been. Now, assuming, let us assume that he adequately stated to the state court that he would have, he would have testified as to self-defense. Isn't the issue before us whether that general statement is enough for the state court to have directed an evidentiary hearing? Or whether he would have had to put more flesh on the bones of the self-defense defense? I, I, I would have pled self-defense and would have pointed out the following. Does he have to do, I mean, isn't that basically the issue before us? The, the, the issue before us is, well, yes, that's the, that's the issue before us. And whether that's enough, whether what he said was enough to meet the standards for an evidentiary hearing under EDPA? If, if, if in fact the state court granted him an evidentiary hearing based on his petition and his certification, and at that point, at the hearing, he didn't come forward and say, because the only thing that he did say that we know is he, I want to, I, I want to tell my side of the story, whatever that is. But if he did not come forward at an evidentiary hearing in state court, But you're assuming that he's entitled to an evidentiary hearing without explaining what the self, what would have constituted the self-defense defense. Isn't that right? Because you say, at the evidentiary hearing, he would have said. But was he entitled to an evidentiary hearing just by saying, I would have, I would have a self-defense? The, the, the closing argument at, at his trial indicated that he was trying to protect himself when. That's self-defense. Yeah. All right. But doesn't have to, doesn't have to say. Pardon me, pardon me. In my recollection of the closing argument, he said, well, it could be self-defense. And I, I, I concede that under the circumstances, the court would not find self-defense under these facts. Wasn't there something like that in his closing speech? That actually he didn't, even in his counsel's argument to the jury, the self-defense was not a primary concept. I'm sorry, Ron. I do, I simply do not recollect that. My recollection of the argument was, was that he was focusing more on the, the provocation and. All right. Let me read this to you, counsel. He said, was it self-defense? In his mind, yes. But for legal reasons, the judge is going to tell you self, self-defense does not work. And he was trying to argue that as a fact. I have a different approach to this. Don't we have to determine whether the district, the state court. This is habeas corpus. We have to go by, by the question of whether the findings conflicted with federal law or Supreme Court decisions. Here, the post-conviction court held on the basis of that argument, of that statement of the, of the judge. I'm sorry, the attorney. The statement of the attorney. I'm trying to get that statement. Where he said, Mr. Harris said, Your Honor, I'd like to have you read the defendant's election not to testify. Charged to my client. So that we can make a decision on that. All right. The court interpreted that, went on to say. The interpretation, a reasonable interpretation of the remarks. The defendant's right not to testify. I'm sorry. So that we can make a decision on that. That, that meant that the counsel and the client would discuss whether or not to testify. And when you're talking about whether or not to testify. It assumes or perhaps a presumption that the defendant knew that he had the right to testify if he wanted to. Your Honor. I think. Putting aside the question of whether it was improper for the lawyer to insist that he not testify. But the question is, what meaning other than that given by the post-conviction appellate court can we have to that expression? So, so that we can make a decision on that. On whether that particular charge should be read to the jury. And the next thing that happened in the trial was that. Wait a minute. Wait a minute. Wait a minute. I would like to have you read the defendant's election. Now the word election. Not to testify. Charge to my client. So that we can make a decision on that. So they were then given an opportunity to make a decision. And the record shows that they did. There was a pause that they did confer. And then they made a decision to not testify. What we don't know, Your Honor, is what happened in that pause. And it is just as likely. Pardon it. The question that I put to you that you haven't responded to. Was that a reasonable interpretation by the court? No, it was not. Or was it an interpretation that offended the Supreme Court's decision? It was an unreasonable determination in light of the facts. All right. What interpretation would you put if that was. If you were interpreting that expression. And you say it was not reasonable. What would you put. What interpretation is. What was the decision that they were going to make? Counsel. The decision. It is just as likely. As that the decision was whether to read the election charge to the jury. And in some way highlight that he was not testifying. Or not to read the election charge. And let the jury do what it may. And that is just as reasonable. In light of what we know. What do you mean by the word election? The charge. If the defendant doesn't have to testify. Okay. The other part of that is that he had the right to testify. But he may not know that. He may not know that. We do not still have to show some element of prejudice. Before you are entitled to a hearing. I think. You are aware of the case of Campbell versus Barris. Which is a fairly recent case in our circuit. In that case. It says that a claim for ineffective assistance of counsel. Must satisfy both prongs of Strickland. And to establish prejudice. That means inefficient assistance of counsel. Ineffective. You say inefficient. This one was inefficient. Ineffective. Ineffective. You have to show that your client was prejudiced. By reason of the deficiency. To show prejudice. To establish prejudice. You must show there is a reasonable probability. That but for counsel's unprofessional errors. The result of the proceeding would have been different. How would that have been different? Absent the deficiency. Which is prejudice. This right. Is. I think the court alluded to it. In Penacook. This right. Penacook. This right. Is really more of an amorphous. Kind of right. The right. Is really the impact on the jury. If he didn't testify. We really don't know. I understand the jury follows the court's instructions. I'm not saying anything different. We really don't know what is going on in the jury's mind. When the defendant rests. Without putting on any evidence. We don't know what is in their minds. You are disagreeing with Campbell versus Burris. Which requires that both prongs of Strickland. Be established. Yes, I am. All right. I don't see. But we are bound by our presidential decisions. But the only way. In this case. To develop. The prejudice. Is. Not the decisions. Mr. Palmer. Says. I want to tell my story. Yes. But he could have done it in an affidavit. We have to be very generous with pro se litigants. But all he had to say is. I want to tell my story. I was defending myself. And I didn't get a chance to do that. That's all he had to say. But he didn't say anything. He just said I got a bad lawyer. Now is that enough to get a hearing? You know what I mean by bad lawyer. I understand. But his counsel. Said. During argument. He's defending himself. But that's a legal question. That you can't deal with. That argument. Wait a minute. What's a legal question that you can't deal with? Self-defense. That's the argument. That's the closing argument. Let me get back to something. Judge Aldersart says. And I don't know what he was quoting from. It's probably in my bench memo. He says that at the hearing. This is the hearing. Before the district. Before the state court. He asked. Counsel asked for a few minutes. Or the judge gave him. The trial judge gave him a few minutes. And he said I want to consult with my client. Now. And then he said we're deciding on that. Now. You said I think. And there's something in the record. To support it. That what they were conferring about. Was the proposed charge. That the judge. Would give the jury. With respect to. His right not to testify. That's correct. Okay. And that doesn't really. Answer the question before us. Which is. Whether he knew. Or was advised by his lawyer. That he had a right. Not to testify. And if one reads it. Very closely. There's nothing. In the discussion. Before the state court. That supports the claim. That he was told. Or wasn't told. By his lawyer. Whether he had a right. To testify. Now what do you point to. But you also have to. In a. Claim of ineffective. Assistance of counsel. As judge Fuente said. You also have to show. Not only. That the lawyer was ineffective. Which would be. That the lawyer didn't tell him. That he had a right. Not to testify. That he was prejudiced. By the failure. And I think where we are right now. Is what has he said. Or shown. That he was prejudiced. And you say well. He would have. Testified. That he acted. When he shot. In self defense. He was the only one with a gun. He was the only one with a gun. So he clearly did the shooting. That he shot in self defense. And I think the issue before us. Is what more does he have to say. Than I would have testified. In self defense. Does he have to do. More facts. Does he have to produce. At that stage. More facts. As to the self defense. And if you say he has to. Give more facts. What do you point to. That says he has to give more facts. I'm not saying that he has to give more facts. I think that would be Mr. Lapari. So what do you point to. That says. That merely. A statement. Of the. Legal defense. I.e. self defense is enough. At that stage. To get him an evidentiary hearing. From the state court. The. The. Counsel at the trial. Is making an argument. Based on. State of mind. Or what he perceives the state of mind. Of Mr. Palmer. Nobody. But Mr. Palmer. Really knows. What was in his mind. During that. I guess it was a major brawl. That led to the shooting. And. There was. An argument. That. Passion and prejudice were. Involved. At closing. Counsel said look. Somebody named Fats. Got into it. With Mr. Palmer. And provoked him into pulling the gun. There were other statements relevant. To Mr. Palmer's. State of mind which. Why didn't he put that in. His. Application. For an evidentiary hearing. I do not know. I mean. Isn't the question whether he had to do that. In order to meet. The standards of Strickland. The answer to that. Is the question. And I would. Go back to something that. You said. In Boyd. But I was a dissent. I understand you were a dissent. But you were the only one. It was a good dissent. You didn't enjoy that. I thought the dissent. Was an excellent concurring opinion. Your honor. That's what I thought also. Quite frankly. But you were the only one. That discussed the merits. Of ineffective assistance. But that doesn't answer the question. Before us now. Which is really. What do you have to show. In the state court. In order to be entitled. To an evidentiary hearing. I mean that's really the question. Before us. I think that. What the state court did. And I apologize for going. For being circular. But what the state court did. Was they discussed. The performance problem. Of. The prejudice problem. You want us to say. The district court was wrong. Because the district court. Accepted what the state court did. Yes. In order to do that. We have to reach the question. As to whether the state court. Acted. Contrary to. The demand. The requirements. Of the law. As set forth by the supreme court. And I don't know of any case. In the supreme court. That talks about. What you have to do. To show. Prejudice. Which is what we're at. And you haven't given us anything. To hang our hat on. To get to an evidentiary hearing. I would argue that. What counsel said. At the trial court. Was sufficient. What did he say? What did he say in the trial court? He argued. Passion and provocation. Which goes through. Mr. Palmer's state of mind. And I'm not talking at the. What does that mean? Passion and provocation. I don't understand. He was provoked. Into whatever actions he took. By one or more of the people. That were involved. Should a reviewing court. On a habeas petition. Go back to what was presented. At the trial level. In order to determine. Whether a petitioner. Has proven prejudice. I would say that. I'll break it down. Into two parts. That's a yes or no answer. Binary. As to an evidentiary hearing. That's all that. He needs to do. For an evidentiary hearing. The answer is yes. Whether it was. One reason. In light of the facts. The answer is no. Your argument basically. Seems to me. Is a per se argument. Once a defendant. Establishes that counsel. Was ineffective. I get a hearing. Is that basically your argument? That's sort of. Putting a cart before the horse. No it's not. That's critical. The evidentiary hearing. Is to determine whether counsel. Was ineffective. You don't have to discuss prejudice. You don't have to make. A showing of prejudice. In order to get an evidentiary hearing. There are two arguments. That I make. In the brief. One is on the right of this nature. Under Arizona against. Prejudice is presumed. Because this right. The right to testify. And the choice. Whether to testify. Is so fundamental. That it goes well beyond. It affects the structure of the trial. You will not get a majority of this court. To say that. I'm telling you right now. I mean if you just add up the votes. No. You're not going to get anywhere on that one. I know that. So what's your next one? The fall back is harmless. Beyond a reasonable doubt. Under the Owens case. Decided by the ninth circuit. It's not. I think that where you're talking about. A denial of the right. To testify. You're going beyond the harmless error standard. I think that there's a higher standard. That has to be met. I'm not sure you're really meeting the issue. But why don't we listen. To the state. And then we'll come back to you. And see how you rebut. Thank you Mr. Latimer. Thank you. Did I cut off any of your questions? No. No. I was trying to emphasize. That this is habeas corpus. And we have to go into. The burden. Of showing. That the interpretation. Of the district. Of the. Post conviction. Court. Was contrary. And. Because it's my position. That it was not contrary. If it pleases the court. I think that. Well tell us who you are. I'm Jack. Assistant prosecutor. I had the pleasure of appearing before two of you. Maybe ten years ago. It's only the second occasion. Nice to see you too. A lot has happened in the last ten years. I know. It's interesting. The two cases. I think I had Judge Alderson as well. That's sort of besides the point. Can I go to help you? No. Let's take the issue. Let me ask you the issue. Why should. Let me put it the other way. Why should a defendant. In a criminal case. Who wants. An evidentiary hearing. Be required. To say. Any more than. If I have an evidentiary. Hearing. I will show. That I acted. In self defense. Because. Why isn't that enough? I think that's the heart of the case. Me too. It's too vague and conclusory. To support. A determination. Why does he have to put. All of his evidence. Into the affidavit. When he says. I do have a defense. And my defense is self defense. Or I acted in passion. Why does he have to say. And because. X was pointing a gun at me. Or nobody else had a gun. Because X provoked me. I mean why does. Why should we say. That as a matter of. Six amendment law. That is a requirement. To show. Ineffective assistance of counsel. And going back to that. In the evidentiary hearing. Well first I think it's a reasonable. State court. Procedure. To require a prima facie showing. As to both primes. The prima facie facts were showing. I don't think that the standard. Is all that different from the old. Townsend standard. That you've got to at least. Alleged facts that if proved. Would entitle you to relief. Well facts or a defense. I mean if he had acted. In self defense. That would have gone. At least to mitigate. The aggravated. Assault right. If. If he had. If he acted in self defense. If he had acted in self defense. If he had acted in self defense. Well that would have. Could have been a complete. Acquittal. If he had been able to prove. So why isn't that enough. Why does he have to go. Into any more detail. Than that. At that stage. When he's just asking for the hearing. Because there's a reasonable. State court. Procedure that's. In place. That he's got to make. Otherwise we'd have a hearing. On every single case. Without any. Without any showing. Well have attorneys hauled. Into court years later on cases. So what should he say. I think he has to. Give us. What do you think he should have said. What do you think he should have said. One thing he could have said that could have sealed it. And he said a number of things. And other statements. But he could have said that. The fellow from New York had a gun. And I was afraid. But we know nobody else had a gun. Well I mean he said in one of his statements. Or that. But everybody concedes that he. I mean both sides concede. He's the only one who had a gun. According to the testimony. I could have said it went off by accident or something. Reckless. But he didn't say that. He didn't say it went off. I mean his defense is not that. I shot him by accident. In fact the person who got shot. Was his friend. The person who was with him. Not anybody on the other side. So why does he. I'm giving you your opportunity. Give us an example. Of what you think he should have said. I think he should have painted. A factual scenario. Where. What. Where it would have been reasonable for him to have. Such a belief. And I think that he has to say. That he. Specifically that he. Fears for his safety because. Otherwise there's nothing for a fact finder to evaluate. Okay and what would have been a good because. I'm just trying to get from you. Because deadly force. Deadly force. Some actions that he was confronted with. That would have constituted deadly force. Because that's the only thing that would have. Warranted him. Using deadly force. Because after all he has a duty to. To retreat before he resorts to deadly force. I mean just to say self defense. I don't think cuts it. But I don't even think he says that. In anything sworn he says that. I should just be allowed to tell my side of the story. I mean there's argument at the PCR. But under the court rule. You're required to verify the petition. And you have to get back into court. With something that is. Of some substance. In New Jersey. Isn't the court required to ask. Not the defendant but a lawyer. Such as yourself. Did you discuss with your client. The right or his right not to testify. It's not a requirement. For the court. To do that. It's often done. It's often done. Isn't that what State versus Savage says. Savage it's. Savage says that it imposes. A duty upon the lawyer to discuss it. But it doesn't. In my view. Go as far as to say that. The court must make inquiry. It probably is a better practice. But it might not be. Depending on the circumstances. Because. Well certainly that might have. Solved part of the problem here. It would have been a clearer case. You're right. The other part of the problem. Is that we're dealing with a pro se litigant. Who is obviously not well versed. In the ways of the law. So this litigant is trying to do. The best that he can. I mean shouldn't we look at this. A little bit more generously than most petitions. I think he was represented. He was represented. When he filed the petition. And the piece. He was represented in court. When he filed the initial petition. No but there was a supplemental submission. Through counsel. And I think. Maybe they emphasized. Other issues more. Maybe you know. It's hard to speculate why he didn't say. Wasn't he pro se when he filed the petition. That we're looking at. And the way it normally works. They'll file the petition pro se. And on the first petition. You're entitled to representation. As of right. So it's filed with a request for counsel. And one is routinely appointed. As it was here. Is that Mr. Latimer. No it was in state court. Right I know. But did Mr. Latimer take over at that point. In state court. Yes. No no when he filed his petition. For habeas. Pro se yes. Oh you're talking about at this stage. Yes. I confused you. I thought you were talking about the state court. The PCRA hearing. I'm sorry I'm talking about the petition. His affidavit. As to what he was looking for. In terms of relief. The one that Judge Aldous wrote. So the question is. Whether at this stage. He should be permitted to. To flesh out his habeas petition. Yes. My question was whether we should be a little bit more considerate. Of someone who didn't have a lawyer. I don't. I don't. I object to the idea of. Indulging the petition more. Because it was. Because of some limitation. In state court. We always do. Pardon me. We always do for PCRA litigants. But that doesn't answer the question. That bothers me. Which is whether he should have done more. It seems to me. That we have to pass. We have to bypass. The district court. For the time being. Go back to the state. In order to say the state. Committed a the state court. Committed. A violation. We have to see. What was before the state court. I mean I'm still back there. And I haven't. Mr. Latimer. Hasn't really told us more. I think Mr. Latimer says. It's enough just to say. He would have claimed self-defense. And the legal question. Before us is whether. That wasn't in the brief. Pardon. Not sure that that was in his brief. Mr. Latimer. Yeah. Well. We have to reach it. And I'm not sure Mr. Latimer. Has given us any. New Jersey decisions. Or federal decisions. That say. That you have to. That it's enough just to say. Self-defense. Isn't that basically what we have. Well I think also. Another way to look at it is that. The Supreme Court hasn't required more. Of states. Supreme Court hasn't really talked about. What you have to plead to show. Make a. Prima facie showing a prejudice. Has it? Do you know of any Supreme Court decisions? In terms of prima facie. Well. I mean in other words. What you have to show. To be entitled to an evidentiary hearing. In the state. That's where. I start with. And I don't know the answer to that question. And I'm not getting any help. From the lawyers. I must tell you. Well they haven't. They haven't. With really an issue of. I suppose. If state law didn't have to give PCR altogether. He has to say. He has to. Specify what he would have testified to. If given a chance. To testify. And say that the result would have been different. If I had been given a chance to testify. That's exactly right. I think you have to look at. What he asserted. In his petition. But he didn't say anything. He didn't say anything. According to you he should lose. He should lose. Because if you look at just the word self-defense. And you put that in front of. With everything else. That you had before. What's the everything else? The record. The question is. Is it enough. To support a conclusion. What he says. Gives rise to a reasonable probability. That the outcome would have been different. Based on what he said. If he had gotten up. If he had said. It was self-defense. Because they were big burly men. And I'm. Five foot three. I mean. And therefore I was worried. But he never said anything like that. Do you have any. New Jersey case. That says in order to get. An evidentiary hearing in New Jersey. On a PCRA. You have to do more. Than the blanket. Self-defense. No. There's just. I cited that Odom case. I think the answer to that. Comes from Strickland. The exact language of Strickland. The second prong. That we call prejudice. So the court. Must then determine. Whether in the light. Of all the circumstances. Of the time. At the time. Then the court uses the expression. The identified errors. Were so serious. That they were outside. The wide range of professionally. Competent assistance. And I would say that. Basically under. If we're. Strickland is really. A very important. Issue here. The top issue. As I say. Is the question of. The relationship. Between what the district court. Did and the Supreme Court decisions. But when you're talking about. Identified errors. I think at a minimum. You have to identify the errors. Before you can get a. Evidentiary hearing. For Strickland. I agree. And I wanted to respond. To your honor's question. With respect to the. There is a case state versus Cummings. Which I cited in my case. In my brief. And it doesn't talk about. Self-defense. But it does talk about. Having. It's an absent witness case. And it says that. And you've got the. Submit affidavits showing. What these witnesses. Would have said. So I think that. That's the similar. Which case I'm sorry. State versus Cummings. It's 329. Oh yeah. That's one. And I think in state versus Fritz. Which is the case that incorporates the. The Strickland. Standard in New Jersey. They also talk about absent. Witness cases. At pages 64 and 65. 105 NJ. It said page 42. I think pages 64 to 65. The procedure in New Jersey. Is that judges do not address the defendants. They normally do. More often than not. It's not mandated. The defendants. They normally address the defendants. And inquire about their rights. To testify or not. I would say that. In my experience. The more transcripts I've read. I've seen it in. Then not. Because precisely. But. There's no doubt that ultimately. It's a lawyer's responsibility. To speak to a defendant. And discuss the right. To testify or not to testify. I would agree with. That's what New Jersey says. And you don't have to put it on the record. And say I just spoke to my client. And he decides not to testify. You don't have to put it on the record. But it sure would help. It would have helped in this case. But as a matter of procedure. You don't have to do that. So courts rely on what happened. In this case. In other words. The transcript seems fairly accurate. As to what New Jersey law requires. Is that right? Yes. I would say it's accurate. Except that it may not reflect. It could have been a better job. I have no doubt about that. But the point is. The appellate division in New Jersey. Is looking at this transcript. And gleaned from it. That the defendant was testified. And there was no conclusion. That the procedure was wrong. Or unconstitutional. Was notified. You said the defendant was testified. Notified. I said testified. Notified. I think you get into the issue. Whether that's reasonable fact finding. It might not be. But that only gets us. To the first prong of Strickland. And it doesn't get us to the prejudice prong. You may be on stronger ground. On the prejudice prong. I like my argument. More on the prejudice prong. But I don't want to discount the other argument. You don't want us to find against you. On the ineffectiveness. Because I think. In light of. The Schreier case. I think it's always an issue of degree. On that. When you talk about contradiction. Because you know. A defendant for instance. Can say. My lawyer told me. I can only get 10 years. And he's told on the record. He can get 15. And he certifies. I wasn't paying attention. My lawyer just told me say yes. That's one where. A defendant can come into court afterwards. And say anything. And it becomes an issue of degree. You look at a situation like this. Assuming that we look at it. The way Mr. Latimer. Suggests and says. It doesn't have to do with testifying. But just strictly the. The election. It's still. Evidence. That. The attorney. Was. Wanted to have this. Placed on the record. And it was discussed. And the language at least. Makes it clear that. The defendant. Had information in part. Language. He's chosen not to be a witness. So it is contradictory. To what he says. So then I think the issue becomes whether. Whether it's reasonable. Or not and I think. After. I think. Two issues that arises. In the case of the contradictory. Cases you know. How far can you go I mean. This might be one that is. Closer to the fringe. Then one that's clearly. Yeah. I think. I think. I'm. I was proceeding. We're going to have. 15 minutes aside. Now it's 30 minutes. I have. Other commitments. Today. May I just add. Another point the Owens case. That was cited by. The defense. It cites to a case of. R2 versus Brown. It's a second circuit case. And there in Owens. They distinguish a claim where a defendant says. I didn't do the offense. Altogether from one where there's a defensive. Justification. And there they looked at an affidavit. And said that it wasn't. An adequate. Showing and of course we have the. Ryan versus. Mr. Perry judge all the search correctly points out. That I. I'm usually very heavy on the red light. So I think your time is up. Thank you. Thank you. We'll hear the rebuttal. Mr. Latimer. I keep coming back to what bothers me. Assuming. He said enough. Or the record is sufficiently absent. To show. In effectiveness IE. He didn't my lawyer. Never said and didn't say on the record. And I couldn't infer it from. What the. Trial court told the jury assumed. All that in your favor. You still haven't answered. The prejudice. In order to be entitled. To a hearing. In state court. How much does he have to say. About prejudice. And in this case. It's. I would have fled self-defense. I would have told my story. Let's assume it was self-defense. What more what case says. He has to show. He doesn't have to show more. He doesn't have to show more. I have found no case. Either way. But. The prejudice. From. Counsel making an argument. And he was he was. Before I get to that. He was proceeding pro se. I did not represent him in the state. PCR I did not. Represent him in. District court. I was appointed by this court. For the argument. But. But he did have a lawyer. Because he's a lawyer said. This is what we're talking about. Yeah he had he had a lawyer. At the trial. He had a lawyer at the trial. And he also did have a lawyer. At some stage in the PCR. That's what I was more interested in. Yeah. And I don't remember. I don't know. It's not a matter of memory. I don't know whether it was the same lawyer or not. But he did have a lawyer. But the prejudice comes from. The argument really. He was. He did start pro se. He said. I want to tell my side of the story. Which says that. Really. Given that he was. A pro se litigant. At least to this stage. That. If the jury. Had listened to my side of the story. There would have been. They would have mitigated. There would have been a lesser offense. It would have been a lesson. He hasn't even told us. What he would have said. In other words. No, he hasn't. So that. I mean. Assuming that. He hasn't weighed that. He never told us what he would have said. Isn't doesn't that show. He had nothing to say. No. That shows he is not familiar with. With the law. And you're a good lawyer. You are appointed. Your brief doesn't say. He would have said X. No, it doesn't. No, it doesn't. No, it does not say that. The problem. The problem is that if we adopt your view. Anytime a defendant doesn't testify. He can just stand there. And maybe he'll get quitted. Then if he gets convicted. He files his petition and says. You know, I didn't get a chance to testify. So you game the system. You can have it both ways. I think that's precisely the reason. That the New Jersey Supreme Court. And Savage said, we're not going to impose. This is a constitutional requirement. But of what dear. When a defendant elects not to take the stand. Is the better practice. And I think that's. I think your concern is exactly the reason. That the Supreme Court did that. Okay. Thank you. Thank you. We'll take this case under advisement. We will clear the courtroom. So that we can confer. Okay. Thank you all. Thank you. We'll ask you to. Mr. Latimer and counsel. We will confer with judge oldest are here. Because it's the only way we can discuss. So they locked the doors. Thank you. Thank you.